# EXHIBIT F

**Department of Energy**

Bonneville Power Administration
P.O. Box 3621
Portland, Oregon 97208-3621

POWER BUSINESS LINE

March 16, 2006

In reply refer to: PT-5

Marie L. Fiala
Heller Ehrman, LLP
333 Bush Street
San Francisco, CA 94104-2878

OVERNIGHT MAIL
CERTIFIED MAIL

Dear Ms. Fiala,

On December 5, 2005, BPA received the California Parties' (SDG&E, SCE, PG&E and EOB) claims for damages with respect to certain BPA transactions in the California markets during 2000 and 2001. Thereafter, BPA received an Amended Claim from the California Parties on December 20, 2005. On December 30, 2005, a BPA attorney sent a letter to the California Parties requesting additional information to support the claims. On February 3, 2006, BPA received your letter stating that the California Parties were working on providing additional information and, to aid in that effort, requesting BPA to authorize the California Parties to access BPA settlement data in the possession of the California Power Exchange (PX) and the California Independent System Operator (ISO). In a February 8, 2006 letter to the California Parties, BPA stated that it had authorized the PX and ISO to release the data requested by the California Parties. The same BPA letter set February 27, 2006 as the date by which the additional information had to be received by BPA to avoid having the claims rejected. The letter also stated that if additional information were provided by February 27, 2006, BPA would make a decision within a reasonable time thereafter. On March 4, 2006, we received your letter claiming both an unwillingness and an inability to provide the requested additional information and asserting that "the process is now concluded" because the claims had been "deemed denied" by BPA.

The following are my determinations with respect to the claims by the California Parties:

1. <u>First Claim</u>.

I reject the first ("FERC Ordered Refund Period: Mitigated Sales") claim. The Federal Energy Regulatory Commission (FERC) has not issued a final order mandating that refunds be paid by market participants in the PX and ISO markets, and the PX and ISO have not issued any demands under their contracts with BPA. Therefore, any alleged BPA liability to repay funds has not accrued, and the California Parties have not incurred the claimed damages. In taking this action, BPA waives no defenses against future claims in the event FERC does issue a final order and the PX and ISO issue demands under their contracts with BPA.

2. Second and Third Claims.

I also reject the second ("FERC-Ordered Refund Period: Other ISO/PX Sales") and third ("The Summer Period: May 1, 2000 - October 1, 2000") claims. Claimants seek a determination from BPA that it will refund "the difference between the rates charged by BPA and the lawful rates as ultimately determined by FERC" *if* (i) certain FERC rulings are, in the future, remanded to FERC by the Ninth Circuit Court of Appeals and (ii) FERC thereafter reverses its rulings and orders jurisdictional entities to refund moneys. Because these claims are based on remote and speculative occurrences, claimants have no right to the requested relief. In taking this action, BPA waives no defenses against claims in the event FERC does reverse its rulings and the PX and ISO issue demands under their contracts with BPA.

I will advise you by Friday, March 24, as to whether BPA is willing to engage in settlement discussions.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claims procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Allen L Burns

Allen L. Burns
Contracting Officer

cc:
Russell C. Swartz, Assistant General Counsel
Southern California Edison Company

W. Davis Smith, General Counsel
San Diego Gas & Electric Company

Joshua Bar-Lev
Pacific Gas and Electric Company

Erik N. Saltmarsh, Chief Counsel
California Electricity Oversight Board

# EXHIBIT G

**Department of Energy**
Western Area Power Administration
P.O. Box 281213
Lakewood, CO 80228-8213

MAR 2 3 2006

Marie L. Fiala
Heller Ehrman, LLP
333 Bush Street
San Francisco, CA 94104-2878

OVERNIGHT MAIL
CERTIFIED MAIL

Dear Ms. Fiala:

On December 5, 2005, the Western Area Power Administration (Western) received a "Claim for Damages" on behalf of the Pacific Gas & Electric Company, Southern California Edison Company, San Diego Gas & Electric Company, and the California Electricity Oversight Board (Claimants) with respect to certain Western transactions in the California markets during 2000 and 2001. On December 30, 2005, a Western attorney sent a letter to the Claimants requesting additional information to support the claims. On February 6, 2006, Western received your letter stating that the Claimants were working on providing additional information and, to aid in that effort, requesting Western to authorize the Claimants to access Western settlement data in the possession of the California Power Exchange (PX) and the California Independent System Operator (ISO). In a February 9, 2006 letter to the Claimants, Western stated that it was authorizing the PX and ISO to release the data requested by the Claimants. The same Western letter set February 27, 2006 as the date by which the additional information had to be received by Western to avoid having the claims rejected. The letter also stated that if additional information was provided by February 27, 2006, Western would make a decision within a reasonable time thereafter. On March 6, 2006, we received your letter claiming both an unwillingness and an inability to provide the requested additional information and asserting that "the process is now concluded" because the claims had been "deemed denied" by Western.

The following are our determinations with respect to the claims asserted by the Claimants:

1. First Claim.

We reject the first ("FERC-Ordered Refund Period: Mitigated Sales") claim. The Federal Energy Regulatory Commission (FERC) has not issued a final order mandating that refunds be paid by market participants in the PX and ISO markets, and the PX and ISO have not issued any demands under their contracts with Western. Therefore, any alleged Western liability to repay funds has not accrued, and the Claimants have not incurred the claimed damages. In taking this action, Western waives no defenses against future claims that may be submitted by the Claimants, based on future events.

2. Second and Third Claims.

We also reject the second ("FERC-Ordered Refund Period: Other ISO/PX Sales") and third ("The Summer Period: May 1, 2000 - October 1, 2000") claims. Claimants seek a determination

from Western that it will refund "the difference between the rates charged by [Western] and the lawful rates as ultimately determined by FERC" *if* (i) certain FERC rulings are, in the future, remanded to FERC by the Ninth Circuit Court of Appeals and (ii) FERC thereafter reverses its rulings and orders jurisdictional entities to refund moneys. Because these claims are based on remote and speculative occurrences, Claimants have no right to the requested relief. In taking this action, Western waives no defenses against future claims that may be submitted by the Claimants, based on future events.

We note your March 2, 2006 letter expresses a willingness on the part of the Claimants to "provide a valuation of [their] claims in the context of any settlement discussions." Western welcomes and will consider any settlement proposals you wish to submit that are generally related to these matters.

This is the final decision of the Contracting Officers. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officers from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claims procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Thomas R. Boyko
Contracting Officer and
Power Marketing Manager
Sierra Nevada Region

Bradley S. Warren
Contracting Officer and
Colorado River Storage Project Manager

cc:
Russell C. Swartz, Assistant General Counsel
Southern California Edison Company

Steven D. Davis, Senior Vice President and Chief Financial Officer
San Diego Gas & Electric Company

Victoria S. Kolakowski, Esq.
California Electricity Oversight Board