IN THE

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, SOUTHERN CALIFORNIA EDISON COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 1:07-cv-00157-LAS<br><br>No. 1:07-cv-00167-LAS<br><br>Consolidated<br><br>**HON. LOREN A. SMITH**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO EXCEED PAGE LIMITS AND PLAINTIFFS' UNOPPOSED REQUEST TO FILE SURREPLY** |

## INTRODUCTION

Plaintiffs Pacific Gas and Electric Company, Southern California Edison Company, and San Diego Gas & Electric Company (collectively the "Plaintiffs"), respectfully oppose Defendant's Motion for Leave to Exceed Page Limits ("Motion"). Plaintiffs respectfully ask the Court to deny Defendant's untimely Motion, to reject the overlong brief the Defendant has improperly filed, and to permit Defendant to file a reply brief not exceeding 25 pages by May 27, 2008. Plaintiffs further request the right to submit a ten-page surreply brief on or before June 9, 2008, fifteen days in advance of the June 24, 2008 hearing. Defendant does not oppose the request for leave to file a surreply brief.

## ARGUMENT

Defendant's Motion should be denied. This Court originally granted Defendant a full 31 days to file a reply to Plaintiffs' opposition brief. Defendant then sought and obtained Plaintiffs' agreement for a further two-week extension, resulting in the current May 21, 2008 reply date. After having almost six weeks to prepare its reply brief, it is inexcusable for Defendant's counsel to assert now, on the same day that it is filing its improperly overlong brief, that Defendant needs nearly double the number of pages allowed under this Court's rules for its reply.

Defendant did not act expeditiously in seeking this relief. Apparently believing it better to ask forgiveness than to seek permission, Defendant waited until today, when its reply brief was due, to seek an order authorizing the overlong brief that it *has already filed*. Defendant delayed seeking leave despite the fact that Plaintiffs advised Defendant that it could not agree to its request to file an extra-long reply brief six days ago, on May 15, 2008. Rather than promptly seeking leave in advance, Defendant's tactic of delaying and filing its request along with its improperly overlong brief unfairly deprived Plaintiffs of their right to timely object in advance of the filing of Defendant's brief. Defendant's action also violates RCFC Rule 5.2(b)(2), which prohibited Defendant from filing a reply brief exceeding 20 pages when it has not obtained leave from this Court.

Moreover, Defendant's request is unreasonable and far out of proportion to the page-limit increase previously granted by this Court. Rule 5.3(b)(1) of the Rules of the Court of Federal Claims establishes a 40-page limit for briefs in support of and in opposition to a motion to dismiss. At Defendant's request, the Court increased the limit for the opening and opposition briefs to 60 pages in its February 5, 2008 Order. No page-limit increase was requested nor ordered for Defendant's reply brief and, under the Rules, Defendant's reply brief is subject to a 20-page limit. Plaintiffs are willing to agree to a reasonable increase of 5 pages, for a total of 25 pages, but strongly oppose Defendant's request to nearly double the length of its reply.

In addition, allowing Defendant to file a 39-page reply would unfairly prejudice Plaintiffs by forcing Plaintiffs to respond to that large volume of new material solely at oral argument, without any opportunity to brief the new arguments Defendant has raised. It also would deny the Court an opportunity to consider, in advance of the hearing, Plaintiffs' responses to those arguments. The legitimate purpose of a reply is to respond to the Plaintiffs' arguments, and 25 pages is ample to do so. A reply brief may not be used to raise new arguments and deny one's opponent the opportunity to fairly respond. *See, e.g., Herbert v. National Academy of Sciences,* 974 F.2d 192, 196 (D.C. Cir. 1992) (new argument is not permitted in a reply brief because it is manifestly unfair to the party who is denied the opportunity to respond in writing and also risks the possibility of "'an improvident or ill-advised opinion,' given our dependence . . . on the adversarial process for sharpening the issues for the Court"). Defendant's request, if granted, would secure an unfair tactical advantage by prejudicing Plaintiffs' ability to effectively and efficiently respond.

Plaintiffs respectfully submit that anything beyond a five-page extension is unreasonable and unfairly prejudicial, and should be rejected. Plaintiffs respectfully ask the Court to reject Defendant's improperly overlong brief and to permit Defendant to file a reply brief not exceeding 25 pages by May 27, 2008. And because Defendant itself acknowledges that its reply brief raises new issues and does not oppose a surreply by Plaintiffs (*see* Defendant's proposed reply brief at 8-9)[1], Plaintiffs respectfully request leave to file a ten-page surreply brief on or before June 9, 2008.

---

[1] Defendant does not oppose a surreply by Plaintiffs addressing the argument it makes at pages 8-9 of its proposed reply brief. There are, however, additional new points raised by Defendant in its reply that are properly the subject of a surreply.

DATED: May 21, 2008

Respectfully submitted,

By: /s/ Marie L. Fiala
MARIE L. FIALA

HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268

**COUNSEL OF RECORD FOR PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY**

**OF COUNSEL:**

STAN BERMAN
PEGGY J. WILLIAMS
LISA D. HARDIE
HELLER EHRMAN LLP
701 Fifth Ave, Suite 6100
Seattle, WA 98104-7098
Telephone: +1.206.447.0900
Facsimile: +1.206.447.0849

Attorneys for Plaintiff
Pacific Gas and Electric Company

DATED: May 21, 2008

By: /s/ Jane I. Ryan

JANE I. RYAN

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

**COUNSEL OF RECORD FOR THE SOUTHERN CALIFORNIA EDISON COMPANY**

**OF COUNSEL:**

DANIEL C. SAULS
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

LEON BASS
2244 Walnut Grove Ave
Rosemead, CA 91770
Telephone: (626) 302-1212
Facsimile: (626) 302-3990

Attorneys for Plaintiff Southern California Edison Company

DATED: May 21, 2008

By: s/ Laura Lindgren
LAURA LINDGREN

HENNIGAN BENNETT & DORMAN LLP
865 S. Figueroa Street, Suite 2900
Los Angeles, CA 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

**ATTORNEY OF RECORD FOR PLAINTIFF SAN DIEGO GAS AND ELECTRIC COMPANY**

**OF COUNSEL:**

J. MICHAEL HENNIGAN
ROBERT W. MOCKLER
HENNIGAN BENNETT & DORMAN LLP
865 S. Figueroa Street, Suite 2900
Los Angeles, CA 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Attorneys for Plaintiff San Diego Gas & Electric Company