IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, SOUTHERN CALIFORNIA EDISON COMPANY, AND CALIFORNIA ELECTRICITY OVERSIGHT BOARD,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 07-157C<br>(Senior Judge Smith) |
| SAN DIEGO GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 07-167C<br>(Senior Judge Smith) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO**
**<u>DEFENDANT'S MOTION FOR LEAVE TO EXCEED PAGE LIMITS</u>**

Defendant, the United States, respectfully submits this reply to plaintiffs' response to our motion for leave to exceed page limits. Our request that the Court permit us to file a 39-page reply brief is entirely reasonable, and we respectfully request that the Court grant our motion.

As we noted in our motion, the IOUs filed a 60-page response brief annotated with 52 single-spaced footnotes containing a significant amount of substantive argument. In addition to its length, the IOUs' response brief contains detailed arguments that were not presented in their complaints and which our motion to dismiss did not address. In particular, the IOUs for the first

time suggest that BPA manipulated the California electricity markets (Pl. Res. 12); they assert the novel theory of a "multi-party contract" in support of their claim that they are in privity of contract with the United States (Pl. Res. 26-29); they rely heavily upon Alliant Energy v. Nebraska Pub. Power Dist., 347 F.3d 1046 (8th Cir. 2003) (Pl. Res. 29-30); and they analogize the operations of the Automated Power Exchange to those of the California Power Exchange (Pl. Res. 36-38). The IOUs were entitled to respond to our motion with such arguments, but we were consequently forced in our reply to respond for the first time to the IOUs' new theories. Given the complexity of their arguments and of this case, our response required more space than that permitted by the rules. We recognize that verbosity does nothing to further our cause, and we accordingly worked until the time of filing to shorten our brief, but we were obligated to file a reply that was complete, thorough, and persuasive. We did that, and nothing more, and the Court should accordingly grant our motion for leave.

Further, the IOUs incorrectly assert that our reply brief contains "new issues" that they are entitled to address in a sur-reply. As we noted in our reply, we do not oppose a sur-reply limited to addressing the two additional letters we provided in our appendix concerning the law governing these tariffs. The IOUs do not identify any other "new issues" raised by our brief, and, indeed, there are none. This Court should limit any sur-reply filed by the IOUs to the issue of choice of law.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0475
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:
Sean B. McNamara
Trial Attorney
Department of Justice

Peter Burger
Attorney
Bonneville Power Administration

John D. Bremer
Attorney
Western Area Power Administration

May 22, 2008

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of May, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO EXCEED PAGE LIMITS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Mark A. Melnick