IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, SOUTHERN CALIFORNIA EDISON COMPANY, AND CALIFORNIA ELECTRICITY OVERSIGHT BOARD,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 1:07-cv-00157-LAS<br><br>No. 1:07-cv-00167-LAS<br><br>Consolidated<br><br>**HON. LOREN A. SMITH** |
| THE PEOPLE OF THE STATE OF CALIFORNIA EX REL., EDMUND G BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, and the CALIFORNIA DEPARTMENT OF WATER RESOURCES BY AND THROUGH ITS CALIFORNIA ENERGY RESOURCES SCHEDULING DIVISION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 1:07-cv-00184-LAS<br><br>**HON. LOREN A. SMITH** |

# JOINT STATUS REPORT

The undersigned parties in the above-captioned actions submit this Joint Status Report pursuant to the Court's Order at the hearing on Defendant's Motion to Dismiss held on June 24, 2008 in San Francisco, California. At that hearing, the Court scheduled a telephone status conference for July 31, 2008 and ordered the parties to submit a joint statement in advance of the conference. Prior to this filing, the parties' counsel met and conferred and hereby set forth the parties' joint statement regarding the two issues to be addressed at the status conference.

## I. Proposed Case Schedule

***Plaintiffs' Proposal:***

Consistent with the Court's Order on June 24, 2008, as well as the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs propose the following case schedule:[1]

| | |
|---|---|
| Defendant's Answer | September 2, 2008 |
| Tutorial Hearing | Week of September 29, 2008 |
| Early Meeting of Counsel | Week of September 22 or 29, 2008 |
| Joint Preliminary Status Report | October 14, 2008 |
| Initial disclosures | November 14, 2008 |
| Preliminary Scheduling Conference | October 27, 28, or 29, 2008 |

***Defendant's Proposal:***

| | |
|---|---|
| Defendant's Answer | Requirement for an answer stayed. |

[1] The parties did not understand the Court's June 24, 2008 Order to call for the submission of a Joint Preliminary Status Report (as described in Appendix A(III)(4) of the Rules of the United States Court of Federal Claims) since the deadline to file that report is 49 days after defendant has filed its Answer, an event that has not yet transpired in this case.

| | |
|---|---|
| Evidentiary Hearing | March, 2009 |
| Discovery | August, 2008, to January, 2009 |
| Post-trial briefing due | April, 2009 |

## II. Proposed Initial Presentation

***Plaintiffs' Position:***

Plaintiffs understood the Court's comments at the June 24, 2008 hearing as requesting an informal presentation, in the nature of a tutorial, to be held in the near future to help educate the Court about certain background information relevant to the case. (An excerpt from the transcript of the June 24, 2008 hearing at which the Court addressed this topic is attached to this Report as Exhibit A.) In particular, Plaintiffs believe that the Court would benefit from early informal presentations on several topics, including (1) the restructuring of the California wholesale energy markets, including AB 1890; (2) the nature of the PX and ISO markets, including relevant Tariff provisions; (3) the operation of the PX and ISO markets, including auction market and out-of-market transactions; (4) the roles of market participants; (5) the economics of market transactions; and (6) the 2000-2001 Western Energy Crisis in general. A detailed outline of Plaintiffs' proposal for this presentation is attached to this Report as Exhibit B. Plaintiffs believe that such an informal presentation could take place in September, 2008 (*see* proposed schedule, *supra*.)

Contrary to Defendant's proposal set forth below, Plaintiffs believe it is premature to conduct any kind of formal, fact-finding hearing on the record for several reasons. First, the parties would be entitled to take discovery, including depositions of any witnesses, prior to any hearing consisting of formal testimony leading to the entry of findings of fact. The need for discovery would substantially delay the start date of the hearing and obviate the introductory purpose of the requested presentation. Second, a formal, fact-finding hearing would have to be held in conjunction with some formal noticed motion that sets the legal framework in which the Court could make binding findings of fact in this case. The parties presumably would wish to

submit briefs in connection with any such motion, further delaying the presentation itself. Plaintiffs do not believe it is appropriate or efficient for the presentation to be directed at a reconsideration of Defendant's motion to dismiss, which the Court denied.

More specifically, the government's proposal that this court hold an evidentiary hearing—in effect a bifurcated trial pursuant to RCFC 42(b)—before an answer is filed and the issues joined is both irregular and inefficient. If a fact-finding hearing goes forward, plaintiffs believe that this should happen at trial after an answer is filed and discovery, including expert discovery, has been conducted. See, e.g., *Jaynes v. United States*, 75 Fed. Cl. 218 (2007) (ordering a separate trial pursuant to RCFC 42(b) only after Defendant had filed an answer and the court had ruled on cross-motions for summary judgment). As the Court has just determined, Plaintiffs have pleaded viable claims against the United States to recover tens of millions of dollars (or more, when all the claims are valued and interest is assessed) in electricity overcharges that were borne by California businesses and individual ratepayers. Plaintiffs are entitled to have their claims considered on a full record that is adduced in a timely and orderly manner. Defendant's ill-considered proposal would rush this case through a hasty and truncated trial without the United States even having joined issue on the pleadings. For all these reasons, Plaintiffs believe the most productive and efficient way to proceed is to hold an informal tutorial presentation in which presenters for both Plaintiffs and Defendant participate, as described in Exhibit B.

***<u>Defendant's Position:</u>***

Defendant understood the Court to contemplate holding an on-the-record hearing for the purpose of reviewing evidence concerning (1) whether the participants in the ISO and PX markets intended to be bound to one another in contract, and (2) any other factual issues bearing upon other arguments raised in defendant's motion to dismiss, <u>e.g.</u>, whether certain of plaintiffs' claims present a case or controversy. At the conclusion of the June 24, 2008 hearing on defendant's motion to dismiss, the Court denied defendant's motion to dismiss but also noted that defendant had advanced "pretty strong arguments" in support of its motion. Exhibit A, p.

170. The Court then stated that to determine "whether there's privity or not, what the intent of the scheme was," it would be "useful to have some kind of short hearing . . . where the Court can hear some of the people who were involved in what this transaction was all about, with a relatively limited focus of understanding the factual background of these cases." Id. at 172. The Court suggested that such a "factual hearing" would be "essential" in helping the Court "to understand the legal issues of privity." Id. at 173.

Defendant proposes that the Court conduct a limited hearing in accordance with RCFC 42(b), which is expressly designed for this purpose, to decide the issue of privity of contract and any other relevant threshold issues. RCFC 42(b) provides that:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, counterclaims, third-party claims, or issues.

RCFC 42(b); see, e.g., Centex Corp. v. United States, 55 Fed. Cl. 381, 382-83 (2003) (noting Rule 42(b) proceeding in case related to United States v. Winstar Corp., 518 U.S. 839 (1996)). In any hearing conducted pursuant to this rule, the "testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise." RCFC 43(a). In particular, a hearing conducted in accordance with Rule 42(b) would be consistent with the Federal Rules of Evidence ("FRE"), which bind this Court. See 28 U.S.C. § 2503. FRE 603 requires that "[b]efore testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation . . . ." FRE 603. Defendant recognizes that discovery will be necessary prior to the hearing, and that further briefing will also be required, but this hearing will enable the Court to decide

fundamental threshold issues in the case in a targeted, expeditious, and procedurally sound manner.[2]

Defendant strongly objects to plaintiffs' proposal to hold a secret, off-the-record, uncontrolled "tutorial" for the Court regarding the issues presented by their case. See Exhibit B. The procedures plaintiffs propose have no place in a court of law. Plaintiffs improvidently urge this Court to flout the rules of evidence and basic standards of due process — to expose this tribunal to the unsworn testimony of individuals who cannot be cross examined and who may have no foundation for what they say. Cross examination, prior discovery, and other evidentiary safeguards are especially indispensable here because the issues plaintiffs propose for discussion — for example, the roles of market participants — are issues that this Court will eventually have to rule upon. The Court's consideration of extra-judicial information related to these issues would irretrievably taint the record in this case.

Defendant further objects to plaintiffs' proposal to make these proceedings "confidential." Plaintiffs would have the Court defy the general principle that "a trial is a public event. What transpires in the court room is public property." Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 593 (1980) (Brennan, concurring) (internal brackets and quotations omitted); see also BBA Nonwovens Simpsonville, Inc. v. Superior Nonwovens, LLC, 303 F.3d 1332, 1335 n.1 (Fed. Cir. 2002) (noting that "the beneficial effects of public scrutiny upon the administration of justice support a presumption in favor of public access to judicial records.") (internal quotation marks omitted); Grove Fresh Distributors, Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994) (noting that public scrutiny over the court system serves to "(1) promote

[2] If the Court intends to consider more than threshold issues at this hearing, or to require defendant to file an answer, defendant may request that the Court stay this matter until the conclusion of the FERC proceedings referenced in our motion to dismiss on page 7, note 3.

community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding."). These proceedings should be on the record and open to the public, a particularly appropriate course of action in a suit against the United States in which plaintiffs seek public money as recompense. See F.T.C. v. Standard Financial Management Corp., 830 F.2d 404, 410 (1st Cir. 1987).

Plaintiffs' proposed proceedings would also be highly inefficient. The parties and the Court would spend a considerable amount of time and resources preparing for and conducting plaintiffs' proposed "tutorial," but would then be prevented from relying upon anything said in that proceeding to resolve any issue in the case because any information presented there would not be evidentiary in nature. The "tutorial" would accordingly in no way advance this case. Defendant sees no utility in such an empty exercise.

Finally, defendant disagrees with plaintiffs' assertion that the Court may not hold a hearing in this matter absent a formal noticed motion that sets the legal framework in which the Court could make rulings. RCFC 40 provides that this Court may set a case for trial in any "manner as the court deems expedient." RCFC 40. Accordingly, the Court may set a hearing in this case pursuant to RCFC 40, and it may frame the issues to be decided — issues raised by plaintiffs' complaints — in that hearing pursuant to RCFC 42(b). Such a procedure would provide the parties with adequate notice of the issues before the Court.

Respectfully submitted,

DATED: July 25, 2008

By: s/ Marie L. Fiala
MARIE L. FIALA

HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000

Facsimile: (415) 772-6268

**ATTORNEY OF RECORD FOR PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY**

**OF COUNSEL:**

RUSSELL P. COHEN
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

STAN BERMAN
PEGGY J. WILLIAMS
HELLER EHRMAN LLP
701 Fifth Ave, Suite 6100
Seattle, WA 98104-7098
Telephone: (206) 447-0900
Facsimile: (206) 447-0849

MARK PATRIZIO
PACIFIC GAS AND ELECTRIC COMPANY
77 Beale Street, MailCode B30A
San Francisco, CA 94105
Telephone: (415) 973-6344
Facsimile: (415) 973-5520

Attorneys for Plaintiff
Pacific Gas and Electric Company

DATED: July 25, 2008

By: s/ Jane I. Ryan
JANE I. RYAN

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

**ATTORNEY OF RECORD FOR PLAINTIFF SOUTHERN CALIFORNIA EDISON COMPANY**

**OF COUNSEL:**

DANIEL C. SAULS
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

LEON BASS, JR.
SOUTHERN CALIFORNIA EDISON COMPANY
2244 Walnut Grove Avenue
Rosemead, CA 91770
Telephone: (626) 302-6967

Attorneys for Plaintiff
Southern California Edison Company

DATED: July 25, 2008

By: s/ Laura Lindgren
LAURA LINDGREN

HENNIGAN BENNETT & DORMAN LLP
865 S. Figueroa Street
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

**ATTORNEY OF RECORD FOR PLAINTIFF SAN DIEGO GAS & ELECTRIC COMPANY**

**OF COUNSEL:**

J. MICHAEL HENNIGAN
ROBERT W. MOCKLER
HENNIGAN BENNETT & DORMAN LLP
865 S. Figueroa Street
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Attorneys for Plaintiff
San Diego Gas & Electric Company

DATED: July 25, 2008

By: s/ Martin Goyette
MARTIN GOYETTE

Supervising Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Tel. (510) 622-2207
Fax (510) 622-2270
martin.goyette@doj.ca.gov

**ATTORNEY OF RECORD FOR PLAINTIFFS THE PEOPLE OF THE STATE OF CALIFORNIA EX REL. EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, and the CALIFORNIA DEPARTMENT OF WATER RESOURCES BY AND THROUGH ITS CALIFORNIA ENERGY RESOURCES SCHEDULING DIVISION**

**OF COUNSEL:**

GARY ALEXANDER
JOSHUA SONDHEIMER
JULIA JE
Deputy Attorneys General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Tel. (415) 703-5500
Fax (415) 703-5480

PEGGY BERNARDY
California Department of Water Resources
California Energy Resources Scheduling Division
3310 El Camino Avenue, Suite 120
Sacramento, CA 95821
Tel. (916) 574-0321
Fax (916) 654-9822

DATED: July 25, 2008

By: GREGORY G. KATSAS
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0475
Facsimile: (202) 305-7644

**ATTORNEYS FOR DEFENDANT**

**OF COUNSEL:**

SEAN B. McNAMARA
Trial Attorney
Department of Justice

Peter Burger
Attorney
Bonneville Power Administration

John D. Bremer
Attorney
Western Area Power Administration