# Exhibit A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Docket Nos. 07-157C |
| v. | ) 07-167C |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

Courtroom 1
95 7th
San Francisco, California

Tuesday,
June 24, 2008

The parties met, pursuant to the notice of the Court, at 10:14 a.m.

BEFORE: HONORABLE LOREN A. SMITH
Judge

APPEARANCES:

For the Plaintiff:

MARIE L. FIALA, Esquire
Heller Ehrman
333 Bush Street
San Francisco, California 94104-2878
(415) 772-6000

For the Plaintiff::

STAN BERMAN, Esquire
Heller Ehrman
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
(206) 447-0900

APPEARANCES (CONT'D)

For the Plaintiff:

ROBERT MOCKLER, Esquire
LAURA LINDGREN, Esquire
Hennigan Bennett & Dorman
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
(213) 694-1200

For the Plaintiff:

DANIEL SAULS, Esquire
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-8054

For the State of California:

JOSHUA SONDHEIMER, Esquire
JERRY L. CANON, Esquire
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
(415) 703-5599

For the Defendant:

MARK MELNICK, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
National Courts Section
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-7573

Also Present:

SEAN McNAMARA
JOHN BREMER
PETER BURKE
RUSSELL COHEN
PEGGY WILLIAMS

They were addressing both of those questions, those issues as required by the matters that were put forth to them by the parties participating before them. They needed to address that question in order to resolve the matters that were before them. They did so and in the process they ruled that there was a lack of privity. Having ruled that there's a lack of privity and, as we indicated before, giving them the deference that we believe this Court should, and a caselaw we've cited indicates that it should. In the absence of privity, they cannot sue for breach of contract, they are not indistinguishable issues.

I've got of other things that I'd like to say, but I'm not going to. I appreciate your patience, Your Honor, I'm sure everyone here does and as we indicated before, we request that the Court dismiss the claims. We obviously submit the remainder of the issues on the briefs. Thank you.

THE COURT: Okay. Mr. Melnick, thank you and thank all the counsel who have argued this: Ms. Fiala and Mr. Sondheimer and Mr. McNamara and Mr. Melnick.

It's been very very helpful to the Court. This is obviously a complicated transaction and to some extent from reading the briefs you can't get a real feel for what is going on here because usually, at least in my

experience, understanding contracts requires some understanding of the physical or economic reality that is behind the contracts. After considering this for awhile, it seems to me pretty clear that I'm going to have to deny the motion to dismiss. Mr. Melnick and Mr. McNamara make pretty strong arguments and they may be right, but it seems to me those arguments are not arguments of the kind that will allow a motion to dismiss to be granted, but rather go to the central merits of the case.

I guess in every case where you have a dispute between the government and a private party, there may not be jurisdiction if we were to find at the beginning of the case there was no right on the part of the plaintiff to sue. But obviously the standard can't be that or you'd have to decide the case before you decide the case. The standard has a well-pled complaint showing the likelihood or the possibility of the plaintiffs having a right to recover and in this case, at least, I think it does and the case is complex enough that while ultimately Mr. Melnick and Mr. McNamara; the government's interpretation may be correct, at this stage it's impossible for the Court to say that.

That really requires the Court to deny the motion; likewise with the issues of collateral, estoppel, and presentation to the contracting officer, at least it

seems that there's been enough of a showing of a presentation to the contracting officer in the file claim; it's only a different legal theory that the case -- the Court has to allow the case to move to a further stage, though it's always nice to be able to see if you can resolve a case on motion as quickly as possible because it's the most efficient area, however in this case it seems to me it's not the correct legal answer that the Court would have gone with.

So I'm going to deny the motion to dismiss and what I'm going to suggest is a couple of things. First, that we hold a telephone status conference; why don't we pick a day that's somewhere around 30, 45 days from now so we're at the end of June. I was going to suggest something like the 31st of July and at that conference I would like the parties to confer with each other, the state and the utilities with the government, and come up with a proposed schedule of how we proceed to resolve this case expeditiously, because I know some of the S&L cases, as Mr. Melnick was well aware -- have taken decades and this case already involves transactions that occurred in 2000 and I would like to see if we could move this case along a little more rapidly than that.

So I'd like to schedule -- how about scheduling it at 4:30 on the 31st of July? Mr. Melnick?

MR. MELNICK: 4:30 East Coast or West Coast?

THE COURT: East Coast. The West Coast would be 1:30.

MS. FIALA: Fine, Your Honor.

MR. SONDHEIMER: Fine with us, Your Honor.

THE COURT: Okay. So we will schedule that. The second thing I'd like to think about is in terms of understanding the case. I've obviously gotten into it from the briefs and from the descriptions here, but I think the Court to the extent that the Court is going to interpret the contracts, because that's the only way you can understand whether there's privity or not, what the intent of the scheme was, was the Court might find it useful to have some kind of short hearing of -- I'm looking at a couple of days, three days at most -- where the Court can hear some of the people who were involved in what this transaction was all about, with a relatively limited focus of understanding the factual background of these cases.

I know that was particularly helpful in the Savings & Loan cases which like the power crisis grew out of a crisis with a lot of parties' divergent interests and some emergency actions and understanding the economic reality was very helpful in getting through these cases and so I think that would really be an important step in

helping the Court understand the legal issue, is to have a factual hearing to at least get a sense of what this is all about from people who were involved. Not so much the legal sense but the practical, economic sense of what was happening.

So I leave that to the parties to discuss, that idea. I'm not 100 percent sure how that would work, but again from my lack of knowledge of the whole economic transaction, but I know it's essential for me to understand that if I'm going to understand the legal issues of privity.

With that, let's discuss that on the 31st at 4:30. Any other business we need to --

MS. FIALA: Would the Court like any written positions in advance of the status conference?

THE COURT: I don't think so. At the moment I'm looking to try to develop a schedule. If the parties want to submit proposed schedules -- I first recommend that you submit proposed schedules to each other and have that discussion and maybe if you can agree on some common schedule, submit that or something like five days before the conference, submit either a proposed schedule jointly or where you have differences, each side will be submitting a proposed schedule.

MR. MCNAMARA: Your Honor?

THE COURT: Yes?

MR. MCNAMARA: Is the proposed schedule you're contemplating is it also then inclusive of the filing of the answer, or is the time period for filing the answer now running?

THE COURT: The Court will stay the period for filing of an answer so that that would be part of the schedule that you'd be proposing. Okay, anything else?

Well, if not, I want to thank our reporter, and also the Ninth Circuit for being very gracious in giving us this courtroom and thank you all. All your oral arguments and briefing was extremely helpful for moving it a significant degree forward in understanding this case.

And with that, the Court will stand in recess.

(Whereupon, at 5:14 p.m., the hearing in the above-entitled matter was concluded.)

//

//

//

//

//

//

//

//

REPORTER'S CERTIFICATE

DOCKET NOS.: 07-157C, 07-167C

CASE TITLE: Pacific Gas v. U.S.

HEARING DATE: June 24, 2008

LOCATION: San Francisco, California

I hereby certify that the proceedings and evidence are contained fully and accurately on the tapes and notes reported by me at the hearing in the above case before the United States Court of Federal Claims.

Date: June 24, 2008

_______________________________

Kent Andrews
Official Reporter
Heritage Reporting Corporation
Suite 600
1220 L Street, N.W.
Washington, D.C. 20005-4018