IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, SOUTHERN CALIFORNIA EDISON COMPANY, AND CALIFORNIA ELECTRICITY OVERSIGHT BOARD,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 1:07-cv-00157-LAS<br><br>No. 1:07-cv-00167-LAS<br><br>Consolidated<br><br>**HON. LOREN A. SMITH** |
| THE PEOPLE OF THE STATE OF CALIFORNIA EX REL., EDMUND G BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, and the CALIFORNIA DEPARTMENT OF WATER RESOURCES BY AND THROUGH ITS CALIFORNIA ENERGY RESOURCES SCHEDULING DIVISION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 1:07-cv-00184-LAS<br><br>**HON. LOREN A. SMITH** |

**PLAINTIFFS' SEPARATE STATUS STATEMENT**

At the telephonic status conference held on July 31, 2008, the Court scheduled a further status conference for August 28, 2008, and ordered the parties to meet and confer in advance to attempt to reach agreement on the nature of a presentation designed to provide the Court with a better understanding of background factual issues concerning the operation of the California Wholesale Energy Markets, and to submit a joint proposal to the Court if possible. If the parties were unable to agree, the Court directed the parties to file separate proposals for the Court's consideration, and indicated that the Court would choose one proposal or the other.

On August 7, 2008, the parties' counsel conferred regarding the nature of the proposed presentation. The parties were unable to reach agreement. Accordingly, Plaintiffs submit this separate status statement setting forth Plaintiffs' proposal for an educational tutorial presentation on the topics identified below. Plaintiffs also set forth a proposed case schedule consistent with the Court's comments at the July 31, 2008 Status Conference and the Rules of the United States Court of Federal Claims ("RCFC").

**1. Plaintiffs' Proposal for a Tutorial Presentation**

Plaintiffs propose holding in the near future an informal presentation, in the nature of an educational tutorial, to assist the Court by providing background information about the California Wholesale Energy Markets. This background information—described by the Court on July 31 as "meta knowledge"—will allow the Court to better contextualize and, ultimately, resolve the facts at issue in anticipated contested motions and at trial. As outlined in Plaintiffs' proposal submitted to the Court on July 25, 2008, Plaintiffs believe the Court would benefit from an early, informal presentation on several topics, including (1) the restructuring of the California wholesale energy markets, including AB 1890 (the California statute that required restructuring); (2) the nature of the PX and ISO markets, including operation of the markets; (3) the roles of market participants in market transactions; (4) the economics of market transactions; and (5) the 2000-2001 Western Energy Crisis. Plaintiffs also believe a glossary of terms specific to this

dispute would provide the Court with a valuable reference tool for the presentation topics outlined above.

Plaintiffs propose the following guidelines for the tutorial, which closely track those used by the Court in *In the Matter of Department of Defense Cable Television Franchise*, 36 Fed. Cl. 171 (1996):

- The proceeding would be educational and informational, not a fact-finding adjudication; the parties' respective presentations would not be admitted into evidence in the case, and the Court would not enter findings of fact or conclusions of law based on the presentations.
- Each side would be allotted a total of six hours for its witness(es) to give a presentation (including the use of PowerPoint or other demonstratives), with questioning by the Court; each side would also be allowed to present a rebuttal so long as the length of the rebuttal plus the original presentation does not exceed the total time allotted to that side.
- The witness presentations would be given under oath.
- The proceedings would be transcribed with the transcript designated as confidential, available only to the court and to the parties and counsel for use in this case.
- There will be no waiver of any privilege based on witness presentations.
- The proceeding would be non-adversarial with no formal direct examination, cross examination or objections and would not be subject to the rules of evidence; witness presentations could be in the form of responses to leading questions or as narrative statements.
- Each side would be limited to no more than three witnesses, whom it would identify to the Court and to the other side two weeks prior to the proceeding, together with a brief description of the subject matter that each participant would address.

Plaintiffs propose holding the presentation at an early date and at a location convenient to all parties:

- ***Date:*** September 23-24, 2008 or October 1-2, 2008.
- ***Location:*** San Francisco, California.

Plaintiffs believe that setting the tutorial date now will allow all parties sufficient time to make appropriate travel plans.

The guidelines outlined above regarding Plaintiffs' proposed tutorial emulate several of the procedures adopted by the Court in *Cable Television*, 36 Fed. Cl. 171:

- The Court held a two-day "educational and informational" hearing, which the Court "viewed . . . as a helpful tool in understanding the underlying issues." *Id.* at 173.
- The parties were allowed to suggest witnesses and the scope of the witnesses' testimony. *Id.*
- The Court heard approximately twelve hours of testimony. *Id.*
- The traditional rules of trial procedure were not used. "For example, the testimony could be presented through leading questions and statements." *Id.*
- The testimony was "heard in a non-adversarial fashion with no cross-examination." *Id.*

Just as in the *Cable Television* proceeding, Plaintiffs' proposed tutorial would offer the Court "a helpful tool in understanding the underlying issues" in this case.

**2. Plaintiffs' Response to Defendant's Proposal**

In contrast to Plaintiffs' proposal, Defendant suggests that the Court hold an evidentiary hearing concerning the same issues that were raised in Defendant's motion to dismiss. This proposal is premature and would not accomplish the goal of providing the Court with an early education on the "meta" issues in the case. Rather, it would simply delay the progress of this case while Defendant gets a "do-over"—a bifurcated trial limited to the defenses asserted by Defendant in its motion to dismiss. There is no basis for an early, truncated proceeding to re-visit the motion to dismiss arguments. That motion has been denied, and Plaintiffs are entitled to receive Defendant's answer and to proceed with discovery and development of their case in an orderly fashion as set forth in this Court's rules and standard procedures.

Nor is it procedurally proper for Defendant to seek bifurcation without a noticed motion. If Defendant were to bring such a motion, Plaintiffs would oppose it on several grounds, including that bifurcation would be highly inefficient, as significant overlap exists among the various issues raised by Plaintiffs' complaints and the issues in Defendant's motion to dismiss.[1] The only efficient procedure involving an evidentiary hearing would be to try the entire case (or at least the liability portion of the case) at one time. Otherwise, Plaintiffs (and the Court) would be compelled to participate in two trials covering many of the same issues.

Additionally, Defendant proposes that an evidentiary hearing go forward before it even answers the Complaints. However, it admits that any such hearing could not occur without discovery. And Plaintiffs should not be forced to propound discovery before Defendant answers the Complaints. Without an answer, Plaintiffs cannot determine the issues in dispute, and there is no reason to delay that step in the litigation.

Defendant also proposes that the parties "cooperatively draft" a joint set of undisputed background facts. This process would be both unproductive and prohibitively costly. First, in order to draft a joint set of stipulated facts, the parties' counsel would have to work directly with witnesses to develop the facts, since no discovery has been conducted in the case to date and the lawyers themselves cannot serve as fact witnesses. Lengthy meet and confer sessions would likely ensue regarding precise wording of the "undisputed" facts. The cost of engaging in this exercise would be quite high and could easily mount into the hundreds of thousands of dollars.

[1] For example, because the standing issue depends on contract terms and interpretation of those terms, it would be highly inefficient to hold an evidentiary hearing or bifurcated trial on that issue alone. Standing is closely intertwined with the merits of Plaintiffs' breach of contract claims. A tremendous amount of background information related to Plaintiffs' contract claim would be required for the Court to evaluate the standing issue. Accordingly, it would be much more efficient to consider standing along with the merits of Plaintiffs' contract claim on a complete record. Furthermore, Plaintiffs have properly pled that they are third-party beneficiaries under the relevant contracts. Because this claim does not depend on a finding that Plaintiffs have standing as direct parties to the relevant contracts, addressing a preliminary standing motion (again) would not dispose of Plaintiffs' case. It would only serve to further delay it.

Furthermore, such an exercise serves no purpose at this stage, when the Court is not yet engaged in fact-finding. A joint set of stipulated facts (assuming that the parties could even agree on such a stipulation) is a far less efficient method to present the Court with relevant background information and does little to advance the Court's education regarding fundamentals of the ISO and PX markets. In contrast with presentations by witnesses, who are able to answer questions directly from the Court at the time the testimony is proffered and can provide follow-up information regarding particular lines of inquiry, stipulated facts would present only a "cold" record with limited educational value.

Finally, the Court is not faced with an either-or decision at this point. Nothing in Plaintiffs' tutorial proposal precludes Defendant, following the filing of its answer and the completion of necessary discovery, from seeking adjudication of particular liability issues, either through a partial summary judgment motion or a separate evidentiary hearing authorized under a properly noticed and granted bifurcation motion.

More than seventeen months have passed since Plaintiffs' Complaint was filed. Defendant's motion to dismiss has been denied and Plaintiffs are now entitled to advance their claims. Plaintiffs' proposal quickly and efficiently provides the Court with background information on key issues that will be helpful in subsequent proceedings without prejudice to Defendant's right to move for summary judgment at a later point, when a full factual record has been developed.

For all of the foregoing reasons, Plaintiffs respectfully submit that the Court should adopt Plaintiffs' proposal for a tutorial presentation as outlined above.

**3. Plaintiffs' Proposed Case Schedule**

There is no basis to delay the progress of the case while the Court holds an educational tutorial. Consistent with Plaintiffs' proposal, the Court's comments at the Status Conference held on July 31, 2008, and the RCFC, Plaintiffs propose the following case schedule:

| | |
|---|---|
| Defendant's Answer | October 1, 2008 |
| Tutorial Presentation | September 23-24, 2008 or |

| | |
|---|---|
| | October 1-2, 2008 |
| Early Meeting of Counsel | October 27, 2008 |
| Joint Preliminary Status Report | November 14, 2008 |
| Preliminary Scheduling Conference | December 1, 2008 |
| Initial disclosures | December 5, 2008 |

Respectfully submitted,

DATED: August 22, 2008

By: s/ Marie L. Fiala
MARIE L. FIALA

HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

**ATTORNEY OF RECORD FOR PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY**

**OF COUNSEL:**

RUSSELL P. COHEN
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

STAN BERMAN
PEGGY J. WILLIAMS
HELLER EHRMAN LLP
701 Fifth Ave, Suite 6100
Seattle, WA 98104-7098
Telephone: (206) 447-0900
Facsimile: (206) 447-0849

MARK PATRIZIO
PACIFIC GAS AND ELECTRIC
COMPANY
77 Beale Street, MailCode B30A
San Francisco, CA 94105
Telephone: (415) 973-6344
Facsimile: (415) 973-5520

Attorneys for Plaintiff
Pacific Gas and Electric Company

DATED: August 22, 2008

By: s/ Jane I. Ryan
JANE I. RYAN

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

**ATTORNEY OF RECORD FOR PLAINTIFF SOUTHERN CALIFORNIA EDISON COMPANY**

**OF COUNSEL:**

DANIEL C. SAULS
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

LEON BASS, JR.
SOUTHERN CALIFORNIA EDISON COMPANY
2244 Walnut Grove Avenue
Rosemead, CA 91770
Telephone: (626) 302-6967

Attorneys for Plaintiff
Southern California Edison Company

DATED: August 22, 2008

By: s/ Laura Lindgren
LAURA LINDGREN

HENNIGAN BENNETT & DORMAN LLP
865 S. Figueroa Street
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

**ATTORNEY OF RECORD FOR PLAINTIFF SAN DIEGO GAS & ELECTRIC COMPANY**

**OF COUNSEL:**

J. MICHAEL HENNIGAN
ROBERT W. MOCKLER
HENNIGAN BENNETT & DORMAN LLP
865 S. Figueroa Street
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Attorneys for Plaintiff
San Diego Gas & Electric Company

DATED: August 22, 2008

By: s/ Martin Goyette (by Joshua Sondheimer)
MARTIN GOYETTE

Supervising Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Tel. (510) 622-2207
Fax (510) 622-2270
martin.goyette@doj.ca.gov

**ATTORNEY OF RECORD FOR PLAINTIFFS THE PEOPLE OF THE STATE OF CALIFORNIA EX REL. EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, and the CALIFORNIA DEPARTMENT OF WATER RESOURCES BY AND THROUGH ITS CALIFORNIA ENERGY RESOURCES SCHEDULING DIVISION**

**OF COUNSEL:**

GARY ALEXANDER
JOSHUA SONDHEIMER
JULIA JE
Deputy Attorneys General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Tel. (415) 703-5500
Fax (415) 703-5480

PEGGY BERNARDY
California Department of Water Resources
California Energy Resources Scheduling Division
3310 El Camino Avenue, Suite 120
Sacramento, CA 95821
Tel. (916) 574-0321
Fax (916) 654-9822