IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, SOUTHERN CALIFORNIA EDISON COMPANY, AND CALIFORNIA ELECTRICITY OVERSIGHT BOARD, | |
| Plaintiffs, | No. 07-157C |
| v. | No. 07-167C |
| THE UNITED STATES, | Consolidated |
| Defendant. | (Senior Judge Smith) |
| SAN DIEGO GAS & ELECTRIC COMPANY, | |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA EX REL., EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, and the CALIFORNIA DEPARTMENT OF WATER RESOURCES BY AND THROUGH ITS CALIFORNIA ENERGY RESOURCES SCHEDULING DIVISION, | |
| Plaintiff, | No. 07-184C |
| v. | (Senior Judge Smith) |
| THE UNITED STATES, | |
| Defendant. | |

**DEFENDANT'S STATUS REPORT**

Pursuant to this Court's August 5, 2008 order, defendant respectfully submits this status report and proposal concerning how this litigation should proceed. The parties conferred regarding a joint proposal but were unable to reach an agreement. We thus file this separate report and proposal.

**SUMMARY**

We address two issues in this status report. First, we offer a proposal concerning how the Court should proceed with these matters that efficiently advances these cases in a manner consistent with the Court's previous comments, while also adhering to the Court's rules and other procedural protections. Second, we explain why plaintiffs' proposal impermissibly discards required procedural standards, such as the Federal Rules of Evidence, fails to advance the proceedings as the Court intended, and fails to educate the Court in any reliable or efficient way. In short, we present the Court with the better alternative, and we request the Court to adopt our proposal.

**I. Defendant's Proposed Procedures**

During the July 31, 2008 status conference, we understood the Court to confirm our understanding of comments made by it at the end of the June 24, 2008 hearing in San Francisco. Although the Court denied the Government's motion to dismiss, many of the standing and other threshold issues presented in that motion remain unresolved, such as whether plaintiffs are in privity of contract with the Government. The Court reiterated its intent to hold a hearing focused upon those issues, which would require it to receive additional evidence upon the issues, including evidence of the factual background of the transactions and their economics.

The Court's intent to focus upon the standing and other threshold issues presented by our motion to dismiss is the efficient course for this case to take now. The central allegations of this case are that the Federal Energy Regulatory Commission ("FERC") retroactively reduced the applicable tariff rates for power sales made by the relevant agencies, and that the agencies have either breached or repudiated resulting obligations to issue refunds that might be owed due to those rate reductions. See, e.g., PG&E Complaint ¶ 72-76. These claims break down into three major issues. The first issue is whether these particular plaintiffs are in privity of contract upon the relevant power sales, and otherwise meet the necessary standing requirements, to bring their claims. These standing requirements were among the subjects of our motions to dismiss and remain outstanding issues in the cases.

The second issue, assuming plaintiffs possess standing, is whether FERC actually retroactively reduced the tariff rates. Although FERC has issued a ruling arguably indicating that it has done so, a motion to reconsider that ruling is currently pending before FERC. See Defendant's February 7, 2008 Motion to Dismiss, p. 7 n. 3. No matter what the result of that motion is, it is highly likely FERC's ruling will be appealed. The Court will not be able to consider with any certainty any FERC ruling concerning FERC actions respecting tariff rates until those appeals are exhausted.

The third issue, assuming plaintiffs possess standing and that FERC did retroactively reduce the tariff rates, is whether the agencies breached an obligation that had become due to issue refunds, or otherwise repudiated any obligation that might arise in the future to issue refunds. It makes little sense to proceed to addressing this matter until the second issue is resolved through exhaustion of the FERC appeal process. If it is ultimately ruled that FERC did not retroactively reduce the tariff rates these claims would come to an end on that basis.

Consideration of these factors demonstrates that the Court has expressed an interest in the correct course for these cases right now by focusing upon the standing and other threshold issues already presented by our motions to dismiss. Until the FERC proceeding and any appeals from it finally determine the dependent merits question of whether FERC did indeed retroactively reduce the tariff rates, the case should not proceed beyond the threshold standing issues that have already been addressed to some degree by the parties and the Court.

During the July 31 conference, we also understood the Court to contemplate whether some form of additional, preliminary proceeding could be developed to efficiently receive undisputed background information ahead of time, outside the normal trial procedures for disputed issues. The Court noted that copious time is often consumed at trials with testimony concerning basic facts that no party disputes. The Court then instructed the parties to fashion proposals concerning "whether there should be an evidentiary hearing or tutorial hearing with regard to the next step in this litigation." Order, August 5, 2008.

We have carefully considered the Court's statements. We do not believe that a preliminary proceeding to present undisputed background information, outside the normal trial process, ahead of a hearing addressing the standing and other threshold issues presented in our motion to dismiss, is plausible. Any such presentation, whether formal or informal, would require the presentation of live, joint testimony. Such testimony would require the parties to jointly prepare witnesses and effectively script what those witnesses would say, with no room for extemporaneous questions from either the parties or the Court. Even with careful preparation, which would be time-consuming and difficult in its own right, the unpredictability of live testimony would pose the risk of unintended presentation of disputed evidence in a proceeding

that does not comply with the standards for trying such evidence, potentially tainting these proceedings. The Court should not, and need not, take this risk.

Instead, we believe that the safest and most efficient course of action here is for the parties to work together to prepare as comprehensive a set of stipulations relating to undisputed background information as is possible. Stipulations, drafted in accordance with this Court's rules and with other procedural safeguards, such as the Federal Rules of Evidence, would be far more efficient than attempting to jointly present testimony. In contrast, and as we explain more fully below, the novel "tutorial" proposed by the plaintiffs would not be limited merely to undisputed matters and would involve the Court in an invalid proceeding in which witnesses would testify without cross examination or foundation for what they say, and would not have been subject to prior discovery. Stipulations, in contrast, are provided for in the Court's rules and would allow the parties to control and communicate precisely what they agree upon. Stipulations would also be more efficient than joint, live testimony in clarifying undisputed issues. After receiving these stipulations, and permitting the parties appropriate, limited discovery, the Court could then proceed to hold the formal hearing it contemplated to address disputed evidence relating to the standing and other threshold issues presented by our motions to dismiss.

In short, the Court should proceed toward the focused hearing upon standing and other threshold issues presented in the motions to dismiss, and that the Court has previously contemplated, and include the filing of comprehensive stipulations about undisputed issues. The following is a proposed schedule:

1. Discovery, limited to facts relating to the issues raised in the Government's motions to dismiss, may occur from September 2, 2008, until March 31, 2009;

2. Within 21 days of the close of discovery, the parties will consult to develop a schedule for further proceedings, including (1) a date for filing stipulations, (2) the development of modified procedures and deadlines — under Section VI of Appendix A to the Court's rules — that are tailored to the nature of the proceedings, and (3) the establishment of a date and place for a hearing;

3. Within 14 days of their consultation, the parties will jointly file a proposal with the Court proposing a schedule for the matters addressed in paragraph 2.

4. Defendant's obligation to file an Answer remains stayed.

## II. Plaintiffs' Proposed Procedures Are Unsound And Inefficient

### A. Plaintiffs' Proposed Tutorial Suffers From Numerous Procedural Flaws

#### 1. This Court Should Conduct Its Proceedings Pursuant To The Court's Rules

Apparently unhappy with the Court's expressed intent to hold an independent hearing focused upon standing and other threshold issues, the plaintiffs propose a "tutorial" be held instead. As we understand it, this sui generis proceeding completely avoids addressing and resolving the standing and other threshold issues presented by our motions to dismiss, but instead permits plaintiffs to present witnesses to provide narrative testimony presumably intended to influence the trier of fact about matters directly relevant to this case. However, plaintiffs insist that this hearing "not [be] subject to [the] rules of evidence," not be subject to "cross examination or objections" of any kind, the testimony "would not be admitted into evidence," and the transcript would be sealed as "confidential," and only "available to parties and counsel in this case." See Attachment A.[1] In addition to the obvious fact that this would do nothing to advance the Court's goal of resolving the threshold issues presented by our motions, these proceedings are completely antithetical to the standards for presentation of disputed

[1] Attachment A is a draft proposal sent to us by the plaintiffs on August 7, 2008. Plaintiffs subsequently informed us that they intended to revise the proposed date for their tutorial.

evidence in court. Acting pursuant to 28 U.S.C. § 2503(b), this Court has promulgated rules governing procedures before the Court. M.A. Mortenson Co. v. United States, 996 F.2d 1177, 1183 (Fed. Cir. 1993). Having done so, these rules now "have the force and effect of law." Id. at 1183-84. These rules are binding "on both the court and the parties litigating before the court . . . ." Id. Plaintiffs' tutorial would ignore those rules for no justified reason. The Court should not permit it.

During the July 31, 2008 status conference, the Court inquired about whether an informal tutorial of the sort proposed by the plaintiffs might be the equivalent of opening statements by counsel, which are not evidence. We do not believe this to be the case. Plaintiffs do not propose to present the Court with mere argument by counsel in which they discuss what they believe the evidence will show. They instead intend to present actual testimony from witnesses in the case, presumably intended to influence the trier of fact, but that is not subject to the standards and procedures dictated by the Federal Rules of Evidence and other applicable law.[2] This will not be attorney argument; it will be testimony from witnesses. The Court should not receive such testimony outside the confines of a formal proceeding subject to all of its rules.

**2. The Hearing Should Not Be Confidential**

We also object to plaintiffs' completely unjustified proposal to make this "tutorial" "confidential." There is simply no basis for this. Plaintiffs would have the Court defy the general principle that "a trial is a public event. What transpires in the court room is public property." Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 593 (1980) (Brennan, concurring) (internal brackets and quotations omitted); see also BBA Nonwovens Simpsonville,

[2] Indeed, even opening statements are normally memorialized in publicly available transcripts and subject to appropriate objections.

Inc. v. Superior Nonwovens, LLC, 303 F.3d 1332, 1335 n.1 (Fed. Cir. 2002) (noting that "the beneficial effects of public scrutiny upon the administration of justice support a presumption in favor of public access to judicial records.") (internal quotation marks omitted); Grove Fresh Distributors, Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994) (noting that public scrutiny over the court system serves to "(1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding."). Given the absence of any reason for sealing the record of these proceedings, it appears that plaintiffs are simply attempting to shield their witnesses from the public scrutiny associated with open proceedings memorialized in a publicly available record. They have no right to such protection. These proceedings should be on the record and open to the public, a particularly appropriate course of action in a suit against the United States in which plaintiffs seek public money as recompense. See F.T.C. v. Standard Financial Management Corp., 830 F.2d 404, 410 (1st Cir. 1987).

### 3. Congressional Reference Case Procedures Are Inappropriate Here

During the July 31, 2008 hearing, plaintiffs cited to Matter of Department of Defense Cable Television Franchise Agreements, 36 Fed. Cl. 171, 173 (1996), suggesting that case provides a model for the sort of informal tutorial they propose. Plaintiffs are wrong. The Court expressly noted in Cable Television that "unlike a typical proceeding before this court, no party had to meet a burden of proof" in the case. Id. The Court thus found non-adversarial procedures to be appropriate, an allowable conclusion given that congressional reference cases are subject to the Court's rules only "to the extent feasible." See RCFC, Appendix D ¶ 1.

Unlike Cable Television, the present cases are "typical proceeding[s] before this court," in which plaintiffs seek a monetary judgment against the United States, with the associated

burdens of proof and record development concerns. This means, as the Court recognized in the July 31, 2008 status conference, that any factual conclusions in these matters must be based upon evidence adduced pursuant to the Federal Rules of Evidence. The Court in Cable Television was not limited by this constraint, and so it was appropriate and efficient for the Court to conduct and rely upon an informal proceeding in that matter. These cases are different. The Cable Television opinion does not provide an accurate or useful model for proceedings in these cases.

**B. Plaintiffs' Proposed Tutorial Would Be Inefficient**

In addition to its serious procedural defects, plaintiffs' proposed tutorial would also be highly inefficient. We understood the Court to desire a hearing that would eliminate or reduce the presentation of redundant, undisputed background information at trial, with the goal of saving time and resources. Plaintiffs' proposed tutorial would frustrate, not further, this goal. As the Court itself recognized in the July 31, 2008 status conference, the Court would be unable to draw upon any information offered at the tutorial to make factual findings — any findings made by the Court would have to be based upon evidence adduced during trial. This caveat means that any information presented in the tutorial would necessarily be either cumulative or irrelevant. There is no point to such an empty exercise, and it will only expose the trier of fact to an inappropriate presentation of evidence. Subsequently holding a second hearing that complies with the rules will not cure the prejudice created by the first.

Further, plaintiffs' proposal, at least in the form we reviewed before filing, would not be limited to undisputed facts. Thus, plaintiffs' tutorial would instead consist of competing presentations by both sides' witnesses, with no coordination or any other effort to present the Court with consistent information. Such a format would not be "educational" at all, contrary to plaintiffs' stated goal. Instead, the Court would ultimately be left with disparate, conflicting

views of the background of this matter. The Court should reject plaintiffs' "tutorial."

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

s/ Jeanne E. Davidson by Bryant G. Snee
JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0475
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:
Sean B. McNamara
Trial Attorney
Department of Justice

Peter Burger
Attorney
Bonneville Power Administration

John D. Bremer
Attorney
Western Area Power Administration

August 22, 2008

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of August, 2008, a copy of the foregoing "DEFENDANT'S STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Mark A. Melnick