# In the United States Court of Federal Claims

Case Number 07-157C cons. with 07-167C
FOR PUBLICATION
Filed: June 8, 2011

| | | |
|---|---|---|
| **PACIFIC GAS AND ELECTRIC COMPANY, SOUTHERN CALIFORNIA EDISON COMPANY, AND CALIFORNIA ELECTRICITY OVERSIGHT BOARD**, *Plaintiff*, v. **THE UNITED STATES**, *Defendant*. | * | Motion to Quash Notice; Third Party Practice Rule; RCFC 14(b); 41 U.S.C. § 114(b); Court Issued Notification. |

*James H. McGrew*, Bruder, Gentile & Marcoux, L.L.P., Washington, D.C., for third-party noticee, California Power Exchange Corporation.

*Marie L. Fiala*, Sidley Austin L.L.P, San Francisco, CA, for Plaintiff, Pacific Gas & Electric Company. *Jane I. Ryan*, Steptoe & Johnson L.L.P., Washington, D.C., for Plaintiff, Southern California Edison Company. *Mark Fogelman*, Friedman Dumas & Springwater L.L.P., San Francisco, CA, for Plaintiff, San Diego Gas & Electric Company.

*Timothy P. McIlmail*, Senior Litigation Counsel, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Mark A. Melnick*, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant.

---

**MEMORANDUM OPINION**

---

**SMITH**, Senior Judge:

Before the Court is the California Power Exchange Corporation's ("CalPX") Motion to Quash Notice, filed by special appearance as a third-party noticee pursuant to Rule 14(c)(1) of the Rules of the United States Court of Federal Claims ("RCFC").[1]  After holding oral argument, the Court entered an Order "conclud[ing] that there is no identifiable, realistic interest that the CalPX may have in the above-captioned matter. . . .  As a result, the Court hereby **GRANTS** the CalPX's Motion to Quash Notice."  Order, Dec. 1, 2010, CM/ECF No. 242.  This Memorandum Opinion sets forth the reasoning behind the Court's Order.

## BACKGROUND

This matter arises out of a contractual dispute stemming from the California Energy Crisis in the summer of 2001.  Plaintiffs, Pacific Gas & Electric Company, Southern California Edison Company, and San Diego Gas & Electric Company, in conjunction with the State of California (collectively "Plaintiffs"), brought this action seeking refunds for alleged over-charges in the sale of power by the Bonneville Power Authority and the Western Area Power Authority (collectively "the Agencies") during the California Energy Crisis.  During the period in which Plaintiffs seek refunds for the alleged over-charges, the California wholesale market was administratively operated by the California Power Exchange Corporation and the California Independent System Operator Corporation ("ISO") under tariffs filed with, and approved by, the Federal Energy Regulatory Commission.[2]

On July 12, 2010, the Court granted the Government's request to issue Notice to the CalPX pursuant to the procedures set forth in RCFC 14(b).  On July 28, 2010, Debra L. Samler, Deputy Clerk of the U.S. Court of Federal Claims, mailed a copy of the Notice to the CalPX via United States Postal Service certified mail.  Notice, July 28, 2011, CM/ECF No. 216.  The

---

[1]/ In conjunction with its Motion to Quash Notice, the CalPX also filed a Motion to Make Limited Appearance for Purposes of Moving to Quash Notice.  Mot. for Leave to Appear, Sept. 24, 2010, CM/ECF No. 230.  The Court subsequently granted the CalPX's Motion on September 27, 2010.  Order, Sept. 27, 2010, CM/ECF No. 232.

[2]/ The extent of the CalPX and the ISO's contractual obligations regarding the sale of electricity into, and out of, the California energy markets during the years 2000 and 2001 is an issue currently pending before the Court.  Indeed, the Court held trial to determine whether the Government is contractually liable to Plaintiffs for over-charges in the sale of energy during the period in which Plaintiffs seek refunds.  The Government contends, however, that its contractual liability rests solely with the CalPX and the ISO, not the Plaintiffs.  As a result of the pending liability issue, the Court shall not discuss the extent of the CalPX or the ISO's contractual responsibility, if any, in this Memorandum Opinion.

Notice was returned to the Court as "undeliverable," however, because the address for the CalPX supplied by the Government's counsel to the Court was incorrect. As a result, a second attempt to issue Notice to the CalPX was mailed on August 13, 2010. The CalPX received the Notice on August 16, 2010, stating:

> Pursuant to 41 U.S.C. § 114(b), 58 Stat. 649 you are hereby notified to appear within forty-two (42) days after service of this Notice upon you and to assert any claim or interest you may have in the subject matter of the above-entitled suit, by filing a complaint or answer herein in accordance with Rule 14 of this Court. If you fail to appear and assert a claim or interest in the subject matter of the suit, your claim against the United States or interest therein will forever be barred. For your information, this Notice is accompanied by copies of the following pleadings that have been filed herein: **Plaintiffs' Complaints, Plaintiffs' Amended Complaint, Defendant's Answer, and the Court's Order filed July 28, 2010.**

Notice, August 13, 2010, CM/ECF No. 229; CalPX Mot. to Quash App. C (emphasis in original).

After receiving the Notice, the CalPX timely filed its Motion to Quash Notice on September 24, 2010. In its Motion, the CalPX argues that it does not have a sufficient interest in the subject matter of the above-captioned proceedings to warrant the issuance of notice pursuant to RCFC 14(b)(1). The CalPX further argues the Notice issued by the Clerk's Office is procedurally defective and contrary to RCFC 14(b).

## DISCUSSION

RCFC 14(b) sets forth the procedure by which the Court may notify a nonparty of the pendency of an action. Specifically, RCFC 14(b)(1) states, "[t]he court, on motion or on its own, may notify any person with the legal capacity to sue or be sued who is alleged to have an interest in the subject matter of the suit." RCFC 14(b)(1).[3] After the notification is served on a nonparty, the noticee must then determine whether it wishes to appear in the matter. Should the noticee be inclined to represent its interest in the matter, RCFC 14(c) provides the mechanism by

[3]/ The Court notes that RCFC 14(b) is substantially modeled upon the Contract Settlement Act of 1944 § 14(b). *See* H.R. 1708, 78th Cong. (1944). Section 14(b) of the Contract Settlement Act was later incorporated into the United States Code, with minor alterations, at 41 U.S.C. § 114(b). In relevant part, 41 U.S.C. § 114(b) states, "The [United States Court of Federal Claims] may, upon motion of the Attorney General, in any suit or proceeding where there may be any number of persons having possible interest therein, notify such persons to appear to assert or defend such interests."

which the noticee may appear in the proceedings. *See* RCFC 14(c)(1)(A). If the noticee declines to appear in the matter, "the noticed entity remains a nonparty until it appears voluntarily." *See Oak Forest, Inc. v. United States*, 26 Cl. Ct. 1397, 1399 (1992); *Midwest Indus. Painting of Fla. v. United States*, 1 Cl. Ct. 209, 211 (1983).

In reviewing a Motion to Quash Notice, the threshold question for the Court to determine is whether the RCFC 14(b)(1) noticee is a party "who is alleged to have an interest in the subject matter of the suit." RCFC 14(b)(1). To be proper, a RCFC 14(b) noticee must at least have a "possible interest," which generally includes a "direct pecuniary interest" or a "potential pecuniary" interest in the outcome of the proceedings. *See* 41 U.S.C. § 114(b) (2010); *Allied Oil & Supply, Inc. v. United* States, 60 Fed. Cl. 223, 228 (2004) (citing *Bowser, Inc. v. United States*, 190 Ct. Cl. 441, 445, 420 F.2d 1057, 1060 (1970); *Bird v. United States*, 51 Fed. Cl. 536, 541-42 (2002)). In analyzing the requisite interest necessary under RCFC 14(b), the United States Court of Claims explained, "[t]he key factor in every determination regarding the propriety of issuing notice is -- whether the third party to whom the notice is directed appears to have an interest in the subject matter of the proceedings." *Del-Rio Drilling Programs, Inc. v. United States*, 17 Cl. Ct. 844, 849 (1989) (internal quotations omitted). Furthermore, a RCFC 14(b) notice may be issued to a nonparty "[e]ven in those situations where an alleged third party interest in the suit is uncertain." *Id*. (citing *Philadelphia Suburban Corp. v. United States*, 211 Ct. Cl. 354, 355-56 (1976); *Carrier Corp. v. United States*, 534 F.2d 250, 251-52 (Ct. Cl. 1976)).

In its Motion to Quash Notice, the CalPX argues that it does not have a "pecuniary interest in the outcome" of the proceedings currently pending before the Court. CalPX Mot. to Quash 4.[4] In support of this argument, the CalPX sets forth the following reasoning:

> At no time during its operating history did CalPX purchase or sell electricity for its own account. CalPX did not take title to the electric energy traded in its

[4]/ This argument is consistent with the CalPX's position forwarded by the Plaintiffs in opposing the Government's Motion for Joinder, which sought to join the CalPX and the ISO. In response to the Government's Motion, the Plaintiffs submitted the declaration of Dr. Lawrence R. Conn, the Director of Operations for the CalPX. In his declaration, Dr. Conn notes:

> [T]he CalPX did not buy or sell electricity for its own account. It was only the operator of the markets, and it did not retain any proceeds or funds associated with power sales and purchases for its own benefit. Instead, the CalPX passed funds relating to the transactions in its markets through to the market participants involved in accordance with the CalPX Tariff and applicable FERC orders. Consequently, the CalPX had no financial stake in the trades in its markets and has no direct interest in the claims that are being litigated in these actions.

Decl. of Dr. Lawrence R. Conn ¶ 7, May 25, 2010, CM/ECF No. 157.

> market, and it was not a party to any trades in its markets. It did not retain for its own benefit any proceeds or funds associated with power sales and purchases. Instead, CalPX passed through to the market participants the fund relating to the transactions in its markets in accordance with the CalPX Tariff and applicable FERC orders.

CalPX Mot. to Quash 5. As a result, the CalPX insists that it has "zero" pecuniary interest in this matter. Or. Arg. 9:24 – 10:1, Nov. 30, 2010, CM/ECF No. 244.

In Response to the CalPX's Motion to Quash, the Government argues, "[t]he [Cal]PX, pursuant to the language in its own tariff, has an interest in the outcome of this litigation." Def.'s Resp. 3. Specifically, the Government asserts that the CalPX's interest in these proceedings is sufficient under RCFC 14(b) because "[t]he language of the [Cal]PX Tariff . . . provides that the [Cal]PX has the contractual responsibility of overseeing the refund process and pursuing the repayment of overpayments from participants in the market." Def.'s Resp. 5.

After careful review, the Court agrees with the arguments set forth by the CalPX. While it is true that the CalPX served as an administrator to the transactions at issue in these proceedings, that fact alone does not lead the Court to conclude that they have a pecuniary interest in the outcome of these proceedings. *See Allied Oil*, 60 Fed. Cl. at 228. In reaching this determination, the Court is mindful of the relatively low "alleged interest" standard set forth under RCFC 14(b). With that said, the Court is not persuaded by the arguments advanced by the Government as they relate to the CalPX's "alleged interest."

While the Government concedes that the CalPX does not have a pecuniary interest in the outcome of these proceedings, it maintains that "[t]he [Cal]PX possesses an interest in fulfilling its contractual obligations pursuant to the tariff – i.e., potentially pursuing action against the Government for refunds or overpayments – even if the money recovered ultimately will be distributed to third parties." Def.'s Resp. 5. In essence, the Government's argument is predicated upon the insistence that the CalPX is the entity contractually bound to recover any alleged over-charges in the sale of power during the California Energy Crisis – not the Plaintiffs. This type of "alleged interest," however, is not the type of interest contemplated by RCFC 14(b).

In this above-captioned proceedings, the Court is tasked with determining whether the Government is liable directly to the Plaintiffs for over-charges in the sale of power during the California Energy Crisis. As it stands, the Government does not allege that the CalPX's interest in these proceedings is in the form of indemnity should the Government be found liable for damages in this matter. *See Bowser, Inc.*, 190 Ct. Cl. at 445, 420 F.2d at 1060 ("the language of the statute plainly authorizes the court . . . to summon or notify a third party indemnitor."). Nor does the Government contend that the CalPX is a surety to the performance of the contracts cited

in the Plaintiffs' Complaints. *See RSH Constructors, Inc. v. United States*, 20 Cl. Ct. 1, 5 (1990) ("Transamerica's interest permits issuance of notice . . . because it is based on Transamerica's status as a surety."). As such, the Court concludes that the "alleged interest" advanced by the Government does not meet the standard set forth by RCFC 14(b).

The Court must also note that if the CalPX is issued notice pursuant to RCFC 14(b), it will be required to spend funds it does not have on attorneys to represent an interest it maintains it does not have. Thus, while the notification procedures are a cost-free procedure for the Court and the parties, it would impose a substantial burden on a quasi-public entity for no possible realistic purpose.

**CONCLUSION**

Based on the foregoing, "the Court hereby concludes that there is no identifiable, realistic interest that the CalPX may have in the above-captioned matter. . . . As a result, the Court hereby **GRANTS** the CalPX's Motion to Quash Notice." Order, Dec. 1, 2010, CM/ECF No. 242.

**It is so ORDERED.**

_s/ Loren A. Smith___
LOREN A. SMITH,
Senior Judge